```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JOSE ALFREDO GIRON BAUTISTA,

        Petitioner,

v.                                     Case No. 2:26-cv-75-JES-DNF

SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, ATTORNEY GENERAL OF THE UNITED STATES, DIRECTOR OF ICE, DIRECTOR OF MIAMI, FL FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and EXECUTIVE DIRECTOR OF THE FLORIDA DIVISION OF EMERGENCY MANAGEMENT,

        Respondents.
_____/

## OPINION AND ORDER

Before the Court are Jose Alfredo Giron Bautista's petition for writ of habeas corpus (Doc. 1) and the Government's response (Doc. 10). For the following reasons, the petition is granted.

### I. Background

Giron Bautista is a Mexican citizen. (Doc. 1 at 1). He entered the United States without inspection more than twenty years ago. (Id. at 2). In 2013, Giron Bautista obtained Deferred Action for Childhood Arrivals (DACA) status. (Id.) He has remained in this country continuously except for a short period in 2014 when the government permitted him to leave the country and return. (Doc. 1 at 8). See 8 C.F.R. s 362.22(b)(2)(authorized

travel outside of the U.S. after June 15, 2007 does not interrupt DACA's continuous residence requirement). Despite having no significant criminal history and despite his DACA status, Giron Bautista was detained on January 2, 2026 and transferred to Florida Soft Side South Detention Center (Alligator Alcatraz) where he remains in Immigration and Customs Enforcement (ICE) custody. (Doc. 1 at 8). Giron Bautista has three children who are United States citizens. (Id.) He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 10 at 2.)

## II. Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Giron Bautista. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Giron Bautista asks the Court to order Respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 12-13).

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Giron Bautista's claims; (2) Giron Bautista failed to exhaust available administrative remedies; and (3) Giron Bautista is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 10 at 2-6).

The Court has rejected identical arguments in recent cases

2

presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Giron Bautista's detention is governed by § 1226(a), not § 1225(b)(2). Further, a growing number of courts are finding that § 1226(a) applies to DACA recipients. See, e.g., Velasco Lopez v. Decker, 978 F.3d 842, 845 (2d Cir. 2020) (stating that "persons subject to detention under § 1226(a) ... include individuals with no criminal record" and "those who are or were protected by DACA"); Escobar-Ruiz v. Raycraft, No. 1:25-cv-1232, 2025 WL 3039255, at *4 (W.D. Mich. Oct. 31, 2025) (reasoning that "an individual who applies for relief under DACA cannot logically be said to be seeking admission" within the context of § 1225(b)(2)(A)); Belsai D.S., 2025 WL 2802947, at *7 (holding that § 1226(a) governed a DACA

3

recipient's detention). These conclusions flow logically from the rule that § 1226(a) applies to noncitizens who are physically present in the country before apprehension. DACA recipients are verified by USCIS to have resided in the United States since 2007. 8 C.F.R. § 236.22(b)(2).[1]

As a noncitizen detained under § 1226(a), Giron Bautista is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1. Jose Alfredo Giron Bautista's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **TEN (10) DAYS**, Respondents shall provide Giron Bautista with the statutory process required under § 1226, which

---

[1] In Matter of Yajure Hurtado, the Board of Immigration Appeals (BIA) held that noncitizens' prior physical presence in the U.S. does not change their status as "arriving aliens" or "applicants for admission" subject to mandatory detention under § 1225(b). The BIA reasoned that to hold otherwise would reward noncitizens for evading apprehension and punish noncitizens who present themselves at ports of entry. Id. But subjecting DACA recipients to mandatory detention under § 1225(b) is contrary to Yajure Hurtado's logic, as doing so would punish noncitizens who present themselves to the government through the DACA program rather than continue to evade identification.

4

includes a bond hearing.

3. If Respondents release Giron Bautista, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 23, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE