UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ALFREDO GIRON BAUTISTA,

    Petitioner,

v.                              Case No: 2:26-cv-75-JES-DNF

Kristi Noem, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela Bondi, ATTORNEY GENERAL OF THE UNITED STATES; Todd M. Lyons, ACTING DIRETOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; Garrett Ripa, ICE ERO MIAMI FIELD OFFICE DIRECTOR; Kevin Guthrie, EXECUTIVE DIRECTOR OF THE FLORIDA DIVISION OF EMERGENCY MANAGEMENT,

    Respondents.

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion on Entitlement to Attorneys' Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. #15) filed on February 9, 2026. The government filed a Response to Motion for Fees Under the Equal Access to Justice Act (Doc. #16) on February 23, 2026. For the reasons stated below, the motion is denied.

On January 15, 2026, petitioner filed an Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and for

Immediate Release or, in the Alternative, a Prompt Individualized Bond Hearing (Doc. #1).  Respondents were directed to show cause by the writ should not be granted, and on January 22, 2026, the federal government filed an Opposition.  (Docs. #3, #10.)  On January 23, 2026, the Court issued an Opinion and Order (Doc. #11) finding that petitioner was entitled to statutory process.  Judgment (Doc. #13) was issued on January 6, 2026, in favor of petitioner.

"In 1980, Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'"  Sullivan v. Hudson, 490 U.S. 877, 883 (1989) (citing 94 Stat. 2325).  Under the Equal Access to Justice Act (EAJA), "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

"The Government does not dispute that Petitioner was the prevailing party for EAJA purposes or that Petitioner timely filed his EAJA fee motion."  (Doc. #16, p. 2.)  However, the government

argues that its position was substantially justified and therefore fees should be denied. Alternatively, the government argues that the request should be reduced for clerical work. (Id.).

The term 'substantially justified' means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The "position can be justified even though it is not correct;" "it can be substantially ... justified if a reasonable person could think it correct." Id. at 566 n.2. "The government bears the burden of showing that its position was substantially justified." Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987).

Factors considered include: "(1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; and (3) the legal merits of the government's position." Jean v. Nelson, 863 F.2d 759, 767 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). Additional factors that may be considered are: "(1) the clarity of the governing law; (2) the foreseeable length and complexity of the litigation; and (3) the consistency of the government's position." Id. Even if the government's position "ultimately prove[s] to be incorrect," the issue is whether "the position was reasonable" at the time. Kurapati v. U.S. Citizenship & Immigr. Servs., 700 F. App'x 974, 976 (11th Cir. 2017).

The government first argues that the binding Board of Immigration Appeals decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 216 (BIA 2025), "supports the Government's administrative position in this case, and supports denying EAJA fees here" because it found that the Department of Homeland Security policy of mandatory detention under 8 U.S.C. § 1225 was lawful.  (Doc. 16, p. 6).  The Court is not convinced that this decision provides substantial justification for the government's position.

While the Court continues to view the government's litigation position as incorrect, it seems apparent that the position was nonetheless substantially justified.  After the Court's order in this case, the Fifth Circuit concluded that most noncitizens apprehended anywhere in the United States are never eligible for release on bond.  Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).  Without deciding the issue, the Eleventh Circuit recognized that the appellate courts and the district courts are divided on the issue. Labrada-Hechavarria, et al. v. U.S. Attorney General, No. 23-13664, 2026 WL 496486, at *2 (11th Cir. Feb. 23, 2026).  Respondents represent that the issue is currently before the Eleventh Circuit (and other appellate courts).  There currently is no Eleventh Circuit binding authority on the issue.

An issue which is sufficiently unsettled may justify the Government's position. <u>Kurapati</u>, 700 F. App'x at 976.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion on Entitlement to Attorneys' Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. #15) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record